DECISION
Before the court is plaintiff, Louis Bowen's, motion for the adding of interest after verdict, in a declaratory judgment action brought pursuant to R.I.G.L. chapter 9-30. Plaintiff sought to have his rights declared as they related to an ordinance of the City of Cranston pursuant to which he was involuntarily retired. The allegation was that his retirement was based upon insufficient medical evidence in violation of the ordinance's specific provisions.
Briefly, the plaintiff was employed as a firefighter for the City of Cranston and in 1982 suffered a job related injury. During the next three years, he worked intermittently on light duty assignments but never returned to his duties as a firefighter. In August of 1985, the City Council, acting pursuant to its municipal ordinance, placed the plaintiff on the City's pension roll involuntarily.
The matter was tried to a jury but before the issue was submitted for the jury's determination, both parties argued for directed verdict. The court denied the City's motion but reserved on plaintiff's motion.
After the jury returned a verdict for the City, the court granted plaintiff's motion for a directed verdict finding that the facts established were uncontroverted in that the City failed to follow the requirements of its own ordinance and therefore the plaintiff was entitled to a verdict as a matter of law.
Prior to trial, the parties agreed that damages, if the plaintiff prevailed, would be an amount equal to that amount he received while on involuntary pension because the latter represented 50% of the amount he would have received had he remained on disability status. The only remaining issue before the court is whether the plaintiff is entitled to interest on his judgment pursuant to § 9-21-10.[1]
The City argues that the plaintiff is not entitled to such interest basing its argument on the fact that the action before this court is one for declaratory judgment, not contract, relying on Gott v. Norberg, 417 A.2d 1352 (1980).
In Gott, supra, at page 1357, the Court examined the history of § 9-21-10 and found that prior to 1976 it provided for interest only in causes of action and actions for damages to the person or to real and personal estate in which a verdict is rendered or a decision made for pecuniary damages. The Supreme Court in various prior opinions interpreted the language to exclude from its operation, contract actions, condemnation actions, actions for breach of implied warranty and actions for alienation of affection and criminal conversion.
In 1976 the section was amended substituting "any civil action" for the phrase "causes of action" and "actions for damages to the person or to real and personal estate." Applying the rule of strict construction, the Gott Court determined that the Legislature intended to equalize the right of tort and contract litigants to collect interest on judgments, but did not intend to include within the term "civil action" the Superior Court review of administrative adjudications. The City equates plaintiff's original action for declaratory judgment as a review of an administrative act by the City and therefore argues to this court that the plaintiff is not entitled to interest on his judgment. The court finds such reliance to be misplaced.
Plaintiff seeks redress through a declaratory judgment action for a perceived wrong which action sounds in tort. As a person whose rights were affected by an ordinance, plaintiff was entitled to bring a declaratory judgment action despite the fact that other administrative remedies may have been available. Super R.Civ. P. 57; Taylor v. Marshall, 376 A.2d 712, 717 (R.I. 1977).
For the foregoing reasons, the court finds that the provisions of § 9-21-10 are applicable to the instant action, therefore plaintiff's motion is granted.
Plaintiff's counsel shall compute the amount due plaintiff utilizing his employment records and submit it along with supporting documentation for the court's approval before judgment is entered.
[1] 9-21-10. Interest in civil actions. — In any civil action which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued which shall be included in the judgment entered therein. Post judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered therein. This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided. . . . (emphasis added)